Rebecca Brown (Bar No. 336638)
Rebecca@nlg-la.org
5165 ½ Santa Monica Blvd., Suite C
Los Angeles, CA  90029
Tel: (860) 944-5111

Paul L. Hoffman (Bar No. 71244)
Melanie T. Partow (Bar No. 254843)
UC IRVINE SCHOOL OF LAW CIVIL RIGHTS LITIGATION CLINIC
P.O. Box 5479
Irvine, California 92616-5479
hoffpaul@aol.com
melaniepartow@gmail.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARRY DONALD LEMLY, JR.,**<br><br>Plaintiff,<br><br>vs.<br><br>**LISA MANGAT, Director of the California Department of Parks and Recreation, in her official capacity; RICHARD HAYDEN, Superintendent of Orange County Sector; NICHOLAS P. MILWARD (#1433), and DOES 1 though 5, inclusive, individually and in their official capacity as officers for the California Department of Parks and Recreation**<br><br>**Defendants.** | **Case No. CV 19-01603 DOC DFM**<br>*[Honorable David O. Carter]*<br><br>**NOTICE OF MOTION AND MOTION TO RETAX COSTS**<br><br>[*Declaration of Rebecca Brown; Declaration of Melanie T. Partow; and [Proposed] Order filed concurrently herewith*]<br><br>Date:  June 27, 2022<br>Time:  8:30a.m.<br>Ctrm:  10A |

TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT on June 27, 2022 at 8:30 a.m., or as soon thereafter as the parties may be heard, in Courtroom 10A of the above entitled court, located at 411 West Fourth Street, Santa Ana, California, Plaintiff Donald Lemly will move the Court to set aside the Clerk's Order awarding costs, entered May 12, 2022 (Dkt. #137), and to enter an order awarding no costs to the defendants.

This motion is made pursuant to Local Rule 54-8, and will based upon this Notice, the accompanying Memorandum of Points and Authorities, all the papers and pleadings on file on this action, and upon such other and further evidence and argument as the Court deems necessary or convenient.

Counsel for Plaintiff Donald Lemly contacted defense counsel the week of May 9, 2022 and received an out of office reply email stating that defense counsel is out of office until May 23, 2022. Counsel for Plaintiff called defense counsel's supervisor at the number listed in the out of office email to attempt to meet and confer on May 18, 2022. Counsel for Plaintiff was unable to obtain the defendants' position because defense counsel's supervisor did not return counsel's phone call on the matter.

DATED: May 19, 2022

By _____
Rebecca Brown
Attorney for Plaintiff

<mark>- 2 -</mark>

<mark>Case No. CV 19-01603 DOC DFM
PLS.' MOTION TO RETAX COSTS</mark>

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This lawsuit was filed by Donald Lemly (Mr. Lemly), who is a 73 year-old retiree on a fixed income, on behalf of the church organization Welcome INN (Interfaith Needs Network), which is a registered 501(c)(3) not-for profit organization. Declaration of Melanie T. Partow ("Partow Decl.") at ¶ 2. Welcome INN is a coalition of 50+ faith and civil society groups that, as part of their religious mission, share food with people who are experiencing homelessness. *Id*. Welcome INN is supported entirely by volunteer work and donations and relies on said donations to pay necessary organizational fees, such as insurance, and to cover the cost of food sharing. *Id*. Welcome INN does not make any profit from its activities or donations.

Mr. Lemly is the President of Welcome INN. In 2008, Welcome INN's efforts to feed the homeless in Doheny State Park were the subject of a lawsuit brought by the ACLU, which challenged the constitutionality of California Code of Regulations Section 4321, requiring certain permits in order to gather and share food. That case resolved pursuant to a settlement agreement pursuant to which the California Department of Parks agreed not to enforce Section 4321 and paid attorneys' fees. For the next ten years, Welcome INN shared food in Doheny State Park with those experiencing hunger, food insecurity, and homelessness every day until the events underlying this lawsuit.

During the first part of 2018, the City of Dana Point (located adjacent to Doheny State Park) began publicly pressuring Welcome INN (via letters and at City Council meetings) to stop sharing food in the park. In June of 2018, Welcome INN received a letter from Dana Point City Officials explaining efforts to add law enforcement surveillance of Welcome INN's food sharing efforts and that characterized Welcome INN as a "toxic charity," based on the assumption that

people would (and could) pull themselves out of poverty but for Welcome INN's food sharing activities.

On August 9, 2018, in violation of the 2008 settlement agreement, California Department of Parks and Recreation Officer Nicholas Milward ("Officer Milward") improperly interfered with Welcome INN's efforts to feed the unhoused in Doheny State Park. During a conversation with Mr. Lemly, Officer Milward asked, "You're not really going to feed here today, are you?" Mr. Lemly said, "yes," and explained "the ACLU won a case against the Park Service 10 years ago" establishing the right to feed. Officer Milward called "The ACLU [] a friggin' joke," said "I also have the authority to shut you down," declared the food sharing "shut down," and ordered the volunteers to "start packing all your stuff."

As depicted by the cell phone footage of the incident, as Mr. Lemly reached into a cooler for a soda, Officer Milward grabbed Mr. Lemly by the wrist with both hands, forcibly pulled him away from the table, and told him to "fucking sit down" as Milward twisted Mr. Lemly around, backed him into a concrete platform, and forced him to sit down. Officer Milward them twisted Mr. Lemly's arms behind his back and forcefully handcuffed him. The handcuffing left Mr. Lemly's wrists bleeding and badly bruised. Criminal charges were never filed.

This lawsuit arose out of the August 9, 2018 incident wherein Officer Milward improperly interfered with Welcome INN's food sharing activities. Mr. Lemly prevailed on summary judgment, but lost at trial. A timely appeal to the Ninth Circuit followed, and that appeal is still pending.

Since this lawsuit was filed, and notwithstanding the loss at trial, all interference (by both the City of Dana Point and the Department of Parks and Recreation) with Welcome INN's food sharing work in the park has ceased. *Id*. at ¶ 4.

During the pendency of this case, following trial and during the early stages of the pending Ninth Circuit appeal, Mr. Lemly's attorney, Jorge Gonzalez,

unexpectedly fell ill and passed away. *Id*. at ¶ 5.  Mr. Lemly is now represented by Ms. Rebecca Brown, who second chaired the trial shortly after she graduated from law school, and by the UC Irvine School of Law Civil Rights Litigation Clinic.

On May 12, 2022, the Clerk of Court issued an Order Taxing Costs in favor of Defendants and against Plaintiff in the amount of $15,070.69.  However, Rule 54(d)(1) vests this Court with the discretion to conduct a *de novo* review of the clerk's costs determination upon proper motion by a party. *Jardin v. DATAllegro, Inc.*, 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)).  Accordingly, in this civil rights case, which raised and protected an issue of public concern and important public policy, this Court should re-tax costs and find that no costs should be taxed against Mr. Lemly.

In the alternative, the Court should find that the deductions made by the Clerk should be reduced by at least $1,575, as further explained below.

Also, in the alternative, given that this case is on appeal and that Mr. Lemly has a good faith chance at prevailing on at least one of the issues raised, enforcing a costs judgment at this time is premature.  The ultimate result as to whether the defendants are the prevailing parties and are entitled to costs is yet to be reached.  In the event that this Court is persuaded to tax costs against Mr. Lemly based on the papers at this time, such a ruling (and/or the enforcement of such a ruling) should be postponed until such time as Mr. Lemly has exhausted his rights on appeal and the defendants are conclusively the prevailing parties.

## II.     DEFENDANTS SHOULD NOT BE AWARDED COSTS

The Ninth Circuit has held that Federal Rule of Civil Procedure, Rule 54(d), "creates a presumption in favor of awarding costs to prevailing party, but vests discretion to refuse to award costs." *Association of Mexican American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Services, Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995) (*overruled on other*

*grounds*)).  Although "[t]hat discretion is not unlimited[,] [a] district court must 'specify reasons' for its refusal to award costs." *Id.* (citing *Subscription Television v. S. Cal. Theatre Owners Association*, 576 F.2d 230, 234 (9th Cir. 1978)).

Each of the well-established reasons for refusing to award costs, particularly in civil rights cases, are applicable here: (1) the great economic disparity between the parties; (2) the chilling effect of imposing such high costs on future civil rights litigants; (3) the case involves issues of substantial public importance; (4) the plaintiffs' case, although unsuccessful, had some merit; and (5) the good faith of the losing party. *Assoc. of Mexican-American Educators*, 231 F.3d at 591-92 (citing *National Organization for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1992)); *Wrighten v. Metro Hospitals, Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999); *Teague v. Bakker*, 35 F.3d 978, 997 (9th Cir. 1994).

**A.     The Economic Disparity Between Mr. Lemly and Welcome INN, and the State of California, Support Denying a Costs Judgment against Mr. Lemly.**

Mr. Lemly is 73 years old. Partow Decl. at ¶¶ 2, 3.  He has been retired for 15 years, is unemployed, receives no financial compensation for his volunteer work with Welcome INN, and lives on a fixed income. *Id*.  Mr. Lemly's wife is also retired, unemployed, and living on a fixed income. *Id*. at ¶ 3.  The Lemly's are currently paying medical expenses for their adult son and daughter-in-law, whose past and future out-of pocket medical costs are approximately $200,000. *Id*.  During the incident underlying this litigation, Mr. Lemly was acting in his capacity as the President of Welcome INN, which is a church organization and a registered 501(c)(3) nonprofit organization. *Id*. at ¶¶ 2,3.  Welcome INN is supported entirely by volunteer efforts and donations and uses the financial donations it receives for necessary organizational costs, such as insurance and costs associating with feeding the poor. *Id*.

The Lemly's financial status does not compare to that of the State of California, which, according to the most recent Annual Comprehensive Financial Report that is publicly available, netted $299,715, 471 in total assets at the end of the 2020 fiscal year.[1]  The balance of its General Fund was over 28 billion dollars.[2] According to Forbes, the State of California's $3.1 billion economy was the fifth largest in the world (ranking between Germany and the United Kingdom) as of December, 2019.[3]  When considered against the backdrop of the State's finances, the Clerk's award of over $15,000 in costs is insignificant to the State.  However, the same cannot be said for Mr. Lemly.

### B. Costs Should Not be Awarded in this Civil Rights Case because of the Chilling Effect on Civil Rights Plaintiffs.

Courts have typically recognized that the imposition of high costs on losing civil rights litigants of modest means may chill civil rights litigation in that area and therefore should be a reason for denying an award of costs. *See Stanley*, 178 F.3d at 1079 ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Education*"); *Mansourian v. Board of Regents of Univ. of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171-72 (E.D. Cal. 2008) (stating that imposing the cost award on the plaintiff "would lead to a harsh result that could chill student litigants from vindicating important rights under Title IX").  Imposing costs on Plaintiff may likewise deter similarly situated individuals who believe they have been unlawfully arrested, unlawfully subjected to excessive force, or unlawfully

---

[1] THE OFFICE OF THE STATE CONTROLLER, State of California Annual Comprehensive Financial Report for the Fiscal Year Ended June 30, 2020, at 34, available at: https://www.sco.ca.gov/Files-ARD/ACFR/acfr20web.pdf.
[2] *Id.*, at 20.
[3] Forbes, *Best States for Business 2019*, available at: https://www.forbes.com/places/ca/?sh=1fcc99743fef

prevented from exercising their religious practices or assembling to express their views from pursuing civil litigation.

Mr. Lemly brought this lawsuit in order to protect Welcome INN's ability to continue providing food to Orange County's poor, food insecure, and unhoused population. Partow Decl. at ¶ 2. Although this charity work should have been protected by the terms of a 2008 settlement between the State and the ACLU, with the passage of time came threats by the City of Dana Point, which were then carried out by law enforcement, and which resulted in this lawsuit. Given the circumstances of this case, the only means of protecting Welcome INN's work and the enforcing the State's 2008 promise, was through additional litigation. However, the threat of a substantial costs judgment, such as the $15,000 in costs ordered by the Clerk here, runs the risk of deterring good faith plaintiffs such as Mr. Lemly from enforcing their rights in the future. Deterring similarly situated plaintiffs in the future would be contrary to the public interest, to one of the dual purposes of Section 1983 (deterrence), and would eliminate the public's means of holding the State accountable to promises made in settlement agreements, like the 2008 agreement at issue here.

### C. Forcing Mr. Lemly to Pay Costs is Inappropriate because the Case Involved Issues of Substantial Public Importance.

The issues brought forth by Mr. Lemly are substantial and important. "[A] case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011). This case is about civil rights issues which form the heart of the California and the United States Constitutions.

Providing food is a part of Welcome INN's religious mission and their work implicates several important public issues, including poverty, food insecurity, and

homelessness, which are endemic to Orange County, the State, and the country. Welcome INN works to alleviate these important social issues by addressing a basic human right – food.  While this lawsuit also raised the individual treatment of Mr. Lemly, Officer Milward's overall aim was to stop the organization's work in feeding the unhoused in Doheny State Park, further to the requests and threats of the City of Dana Point, and contrary to the 2008 settlement agreement.  And, notwithstanding Mr. Lemly's loss at trial, no state or City official has interfered with Welcome INN's work in the park since this lawsuit was filed.

Regarding the individual treatment of Mr. Lemly, this was not a case implicating his rights alone.  All Americans are entitled to be free from excessive force and false arrest under the Fourth Amendment.  The Fourth Amendment, the sanctity of people's bodies, and the issue of police officers abusing their powers are substantial and important issues.  *See, e.g.*, *Ceballos v. Garcetti*, 361 F.3d 1168, 1174 (9th Cir. 2004) (holding that falsification of information in a search warrant affidavit is inherently a matter of public concern), *rev'd on other grounds by Garcetti v. Ceballos*, 547 U.S. 410 (2006).  In *Washburn, v. Fagan*, the court noted that the action raised important civil rights issues "regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents." 2008 WL 361048, at *3 (N.D. Cal. Feb. 11, 2008).  Like in *Washburn*, Mr. Lemly brought this action to challenge the violation of his civil rights under the Fourth Amendment to be free from unreasonable search and seizure.  Particularly given the current social climate, there is no question that issues surrounding the unlawful arrest and use of excessive force by law enforcement are currently issues of great public concern.

Regarding interference with Welcome INN's faith-based activities and charity work, all Americans are entitled to First Amendment protections when practicing their religious beliefs and assembling to express their views.  Mr. Lemly also brought this action to vindicate the First Amendment rights of his organization and its members to assemble in the Park and serve food to the homeless.  Although

Welcome INN has a network of 400 volunteers and provides meals to the homeless at Doheny State Beach on a daily basis, this lawsuit also implicates the rights the rights of the other 16 different organizations that provide free meals to the homeless and low-income population in Orange County,[4] not to mention the rights of similarly situated organizations nation-wide. *See Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1238 (11th Cir. 2018) (holding that an organization's outdoor food sharing was expressive conduct protected by the First Amendment).

### D. Entering Costs against Mr. Lemly is Inappropriate because Plaintiff's Case Had Merit.

Mr. Lemly's case was justified and had merit. First, Plaintiff's case survived summary judgment on the false arrest claim, excessive force claim, Bane Act claim, and First Amendment claim. In fact, in its discussion of the excessive force claim, this Court stated that unjustifiably tight handcuffing of Plaintiff "would potentially be enough to constitute actionable excessive force." Dkt. 47, p. 14. Likewise, in its discussion of the First Amendment claim, this Court stated that Plaintiff's conduct "could be considered expressive conduct by those who viewed it under the First Amendment." Dkt. 47, p. 17-18.

Moreover, notwithstanding Mr. Lemly's loss at trial, his efforts in bringing this lawsuit resulted in a win for Welcome INN. Prior to this lawsuit, the City of Dana Point was pressuring Welcome INN to stop their mission in the park, contrary to the 2008 agreement between the State and the ACLU. One of the City's forms of pressure, was to add law enforcement surveillance of Welcome INN's activities. Officer Milward's conduct on August 9, 2018, in shutting down the feed and arresting and using force against Mr. Lemly, was further to that pressure and also contrary to the 2008 agreement. However, since Mr. Lemly filed this lawsuit in

---

[4] *See* https://www.211oc.org.

August of 2019, all threats to interfere and actual interference with Welcome INN's efforts in the park have ceased.

### E. Plaintiff Acted in Good Faith.

Mr. Lemly acted in good faith in bringing this lawsuit and throughout the litigation, and there is no suggestion otherwise. Mr. Lemly believed that Officer Milward and the City of Dana Point violated: Welcome INN's right to provide food in the park (as protected by the 2008 agreement); Welcome INN's rights to assemble and practice their religion (as protected by the First Amendment); and his individual rights to be free from unlawful arrest and excessive force (as protected by the Fourth Amendment).

## III. IN THE ALTERNATIVE, DEPOSITION COSTS SHOULD BE REDUCED BY AT LEAST $1,575.

In the alternative, upon review of the Clerk's order taxing costs, should this Court nevertheless tax costs against Plaintiff Donald Lemly, the Court should reduce any costs award by $1,575. The witness fee for the deposition of Plaintiff's expert Roger Clark is not taxable under L.R. 54-3.6, which specifically states that "No other witness expenses, including fees for expert witnesses, are allowable." L.R. 54-3.6. Said fee of $1,575 should be deducted.

## IV. IN THE ALTERNATIVE, THE MATTER OF COSTS SHOULD BE POSTPONED UNTIL MR. LEMLY'S APPEAL IS CONCLUDED AND THE PREVAILING PARTY IS IDENTIFIED.

Mr. Lemly timely filed a notice of appeal to the Ninth Circuit. That appeal is currently pending. If Mr. Lemly prevails on appeal, the parties will have an opportunity to revisit settlement, in which case the matter of costs can also be addressed. Moreover, if Mr. Lemly prevails on appeal, and he successfully retries his case in this Court, the defendants would not be the prevailing parties and would not be entitled to costs. For these reasons, the Clerk's costs order is premature.

If this Court is persuaded now that Mr. Lemly should be required to pay the State's costs, Mr. Lemly respectfully requests that this court stay any order and/or judgment on the costs issue until the conclusion of Mr. Lemly's appeal.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to re-tax costs and deny Defendants' request for costs in its entirety. In the alternative, the deductions made by the Clerk should be reduced by at least $1,575. Moreover, if this Court is inclined to award costs to the defendants and against Mr. Lemly, Mr. Lemly respectfully requests that the court postpone any such ruling until the conclusion of the pending Ninth Circuit appeal.

DATED: May 19, 2022

By /s/ Rebecca Brown
Rebecca Brown
Attorney for Plaintiff